# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

APRIL D. SHEFFIELD,

      Plaintiff,

v.                                                                                      Case No: 8:15-cv-319-T-30TBM

CITY OF SARASOTA, JASON REED,
JOHN LAKE and TODD TSCHETTER,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss (Dkt. #4). Plaintiff did not file a response in opposition to the Motion. Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part.

### *Background*

## I.    Factual Allegations

Plaintiff, April D. Sheffield, proceeding *pro se,* alleges that three Sarasota police officers Jason Reed, John Lake, and Todd Tschetter, (the "Officers"), wrongfully arrested her and used excessive force in doing so.   Her claims against the Officers and the City of Sarasota (the "City") include state law claims for   false arrest/false imprisonment and detention, intentional infliction of emotional distress ("IIED"), and federal law claims for violation of the Fourth and Thirteenth Amendments due to the use of excessive force and unreasonable search and seizure pursuant to 42 U.S.C. § 1983.

Plaintiff alleges the following as the basis for her claims. On September 2, 2008, Plaintiff was in the process of evicting a tenant to whom she was subletting an apartment. Plaintiff provided the tenant with a notice to vacate three days prior. The tenant appeared intoxicated and unwilling to vacate the residence. The tenant was damaging the walls and appliances and threatening the other residents and the house caretaker. Plaintiff called the police because she feared for her own safety and that of the other residents.

Plaintiff alleges that the Officers arrested her for trespassing an occupied structure "without meaningful investigation" and the tenant was allowed to remain on the property in violation of the notice to vacate. She alleges that the Officers verbally abused her and used excessive force in arresting her in the presence of her four year old autistic son and other residents. When the Officers detained Plaintiff, she claims they excessively tightened the handcuffs, pushed her until she stumbled and fell back on her wrists, and waited an excessive amount of time before removing the handcuffs.   In addition, she alleges the Officers used racial epithets including "n-----", mother------f------- n----" and a "n----- b------" and told her that it was "n------ like her that made their job hard", "to get on the boat and go back to Africa" and that "she was not in control."

Plaintiff alleges that she suffered physical injuries, including numerous bruises, which were photographed by the Sarasota Police Department ("SPD") during booking. She also suffered from fractured fingers and sprained wrists. Plaintiff was four months pregnant at the time of the arrest, and suffered a miscarriage one month after her arrest which she attributes to the trauma she suffered during the arrest. As a result of the foregoing, Plaintiff continues to suffer from depression and a "negative conditional response to the presence

of police officers." Her autistic son requires therapy and suffers from nightmares and incontinence.

## II.   Procedural History

Plaintiff originally filed her complaint through counsel on August 31, 2012, two days before the statute of limitations expired. Her original suit included claims for false arrest against all of the Defendants, intentional infliction of emotional distress against the Officers, and violation of Section 1983 against all of the Defendants arising out of alleged Fourth and Fourteenth Amendment violations. On January 2, 2013, Defendants removed the case to federal court and filed a motion to dismiss. Before the court could rule on the motion, Plaintiff filed an Amended Complaint asserting only state law claims. The Court *sua sponte* remanded the case to state court on April 9, 2013.

The Defendants filed a motion to dismiss in the state court action on April 26, 2013, and the case stalled until November 22, 2013, when Plaintiff's attorney moved to withdraw from the case. The state court entered an order granting the motion to withdraw and another order granting in part Defendants' motion to dismiss, leaving only the state law false arrest claim against the City. Plaintiff filed a second Amended Complaint (hereinafter the "Amended Complaint") on January 30, 2015, reasserting all previously dismissed claims. The Defendants removed the case to this Court.

### *Discussion*

## I.   Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Although the Court may hold a *pro se* litigant to "a less stringent standard," the *pro se* litigant may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss. *Municipal Utilities Bd. of Albertville v. Alabama Power Co.*, 934 F.2d 1493, 1501 (11th Cir. 1991). (Conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.)   A *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore*, 996 F. 2d 1155, 1161 (11th Cir. 1993).

## II.    Defendants' Motion to Dismiss

Defendants move to dismiss all of Plaintiff's claims, except Count I for false arrest against the City. Defendants argue that Plaintiff fails to state a cause of action upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); the Amended Complaint alleges facts for which there is no evidentiary support; and the Defendants are entitled to immunity from suit.

## III.    State Law Claims

Plaintiff brings state law claims for false arrest, false imprisonment and detention and intentional infliction of emotional distress against the Officers. Florida Statutes provide limited statutory immunity to police officers for state tort claims. Fla. Stat. § 768.28(9)(a); *Brivik v. Law,* 545 Fed. App'x. 804, 807 (11th Cir. 2013) ("[I]n Florida, police officers are immune from suit unless they acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.").

### a.   Count II, III, IV- False Arrest/False Imprisonment/Detention

The essential elements of a cause of action for false arrest include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority"; and (4) which is unreasonable and unwarranted under the circumstances. *Mathis v. Coats,* 24 So. 3d 1284, 1289 (Fla. 2d DCA 2010).   *See also City of Hialeah v. Rehm*, 455 So. 2d 458, 461 (Fla. 3d DCA 1984) (citing *Johnson v. City of Pompano Beach*, 406 So. 2d 1257 (Fla. 4th DCA 1981)). "[A] police officer does not have the discretionary authority to arrest a citizen whom the officer does not have

probable cause to believe has committed an offense." *Lester v. City of Tavares*, 603 So. 2d 18 (Fla. 5th DCA 1992).

The Officers argue that they are entitled to sovereign immunity regarding this claim since the Amended Complaint does not allege that they acted in bad faith, or with malice or in reckless disregard of Plaintiff's rights. Plaintiff alleges that the Officers, while acting within the scope of their employment, detained and arrested her against her will and without probable cause. She also alleges that she sustained several physical injuries from being pushed to the ground which resulted in bruising throughout her body, injuries to her shoulder and a miscarriage, and that the Officers made derogatory statements.

The allegations in the Amended Complaint, read liberally and in the light most favorable to Plaintiff, at this stage of the proceedings allege sufficient facts to suggest the Officers' acted in bad faith or with willful and wanton disregard for Plaintiff's rights. Accordingly, the Court denies the Motion to Dismiss as to Counts II through IV of the Amended Complaint. *Accord Montanez v. Celaya*, 8:13-CV-3217-T-33TBM, 2014 WL 4437273, at *10 (M.D. Fla. Sept. 8, 2014) (denying dismissal based on sovereign immunity when plaintiff's allegations that he was "a tiny man, … pulled from his apartment, beaten [while face down] and arrested and detained against his will illegally" Plaintiff suggested that police officers acted with a willful disregard for human rights.); *Vovou v. Wong*, 3:11-CV-1170-J-37MCR, 2013 WL 784633, at *3 (M.D. Fla. Mar. 1, 2013) (allegations that officers kicked and punched plaintiff while he was on the ground when he was not resisting arrest or otherwise giving the Defendants any reason to beat him sufficient to survive dismissal on sovereign immunity grounds.)

### b.  Count V, VI, VII - Intentional Infliction of Emotional Distress

In order to state a cause of action for IIED, the plaintiff must demonstrate that: 1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe. *Johnson v. Thigpen*, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). Florida courts have defined "outrageous" to mean "conduct ... so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 412–413.

Whether a defendant's conduct is outrageous and utterly intolerable in a civilized community is a matter of law for the court. *Id*. In cases where Florida courts have permitted a plaintiff to move forward with an IIED claim against police officers, they have involved egregious behavior outside of an officer's discretionary authority. *See Tillman v. Orange County, Fla*., 519 Fed. App'x. 632 (11th Cir. 2013) ("Under Florida law, arrestee stated claim for intentional infliction of emotional distress against deputy sheriffs and detective who allegedly falsified charging affidavits and whose deception led to arrestee's malicious prosecution"); *Williams v. City of Minneola*, 575 So. 2d 683 (Fla. 5th DCA 1991) (upholding claim where police officers displayed grotesque photographs and videotape of a family member's autopsy to non-police officers, allegedly for entertainment purposes).

Courts in Florida typically deem IIED claims involving racial epithets and unwanted physical contact as insufficiently outrageous to sustain a cause of action. *See Stockett v.*

*Tolin*, 791 F.Supp. 1536 (S.D. Fla. 1992) (defendant repeatedly subjected the plaintiff to sexual harassment and verbal abuse coupled with unwelcome physical contact or abuse); *Williams v. Worldwide Flight Servs. Inc*., 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (supervisor's alleged conduct of calling African-American employee a "nigger" and "monkey" and constantly threatening employee with job termination for no apparent reason did not rise to the level of outrageousness sufficient to maintain claim of IIED); *Lay v. Roux Labs., Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (allegations that defendant used humiliating language and racial epithets towards plaintiff, threatened plaintiff with loss of job, and conducted vicious verbal attacks against plaintiff insufficient to state claim for IIED).

Based on the allegations in Plaintiff's Amended Complaint, taken in the light most favorable to Plaintiff, the Court concludes that the Plaintiff does not allege sufficiently outrageous conduct to sustain a claim for IIED. Therefore, the Court dismisses Counts V, VI, and VII of the Amended Complaint.

## IV.    Federal Law Claims

Plaintiff alleges that the City and the Officers violated Section 1983 when the Officers arrested her without probable cause, charged her with trespass, caused her physical and emotional pain, and had no legal right to "prosecute, touch or batter the Plaintiff." In doing so, she alleges that the City and the Officers "deprived her of her rights under the

Fourth and Thirteenth[1] Amendments to the United States Constitution and Article 1 §12 of the Florida Constitution."

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983.   Municipalities and other local-government units are included among the "persons" to whom Section 1983 applies. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

### a.  **Counts VIII, IX, X -Section 1983 Claims against the Officers**

The Court construes Plaintiff's Section 1983 allegations against the Officers as claims for violation of the Fourth Amendment's prohibition against unreasonable search and seizure.   An arrest without probable cause violates the Constitution and provides a basis for a Section 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir. 2010). With regard to a qualified immunity analysis, however, the issue is not whether there was probable cause, but whether there was "arguable probable cause." *See Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). "Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Id*.

---

[1] The Court assumes that this reference is a scrivener's error and will construe the Amended Complaint as asserting a violation under the Fourteenth Amendment.

In addition, "the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002).   The Eleventh Circuit has "repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands."  *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014) (citing *Priester v. City of Riviera Beach, Florida*, 208 F.3d 919, 927 (11th Cir. 2000)).

Whether Plaintiff's arrest was lawful depends on whether the Officers had arguable probable cause to believe that she was committing a trespass on an occupied property according to Florida law. Trespass under Florida law occurs when:

> (1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.

Fla. Stat. § 810.08 (2000).

Plaintiff alleges that at the time of her arrest, she was attempting to evict her tenant, to whom she subleased the property, after the expiration of a three day notice to vacate. At that time the tenant was damaging the walls and threatening Plaintiff and others which caused Plaintiff to call the police. Plaintiff has sufficiently alleged a lawful basis for her presence on the property, and there are no facts before the Court at this time supporting arguable probable cause.

To the extent that the Officers argue that Plaintiff has not alleged sufficient facts to support a violation of a clearly established constitutional right, the Court disagrees. Plaintiff alleges that given the foregoing circumstances and the lack of a meaningful investigation there was no probable cause for her arrest. Further she emphasizes that she was not resisting at the time of her arrest, and provides many details regarding the amount of force the Officers used. The allegations in the Amended Complaint, read liberally in the light most favorable to Plaintiff, sufficiently state a cause of action for unreasonable seizure under Section 1983.

Therefore the Court will deny the Officers' Motion to the extent it requests dismissal of the Section 1983 claims for unreasonable search and seizure based on qualified immunity as premature. *See Apothecary Dev. Corp. v. City of Marco Island, Fla.*, 517 Fed. App'x. 890, 892 (11th Cir. 2013) (upholding denial of defendant's motion to dismiss on qualified immunity grounds as premature where plaintiffs alleged sufficient facts to establish a violation of his clearly established substantive due process rights); *Gary v. DeKalb County Gov.*, 291 Fed. App'x. 974, 975 (11th Cir. 2008) (upholding denial of motion to dismiss on qualified immunity grounds where record did not support a finding of qualified immunity). *See also St. George v. Pinellas County*, 285 F.3d 1334, 1335-36 (11th Cir. 2002) (reversing dismissal and concluding that the complaint alleged facts sufficient to defeat the defense of qualified immunity at the dismissal stage of the proceedings.)

To the extent that Plaintiff is attempting to state a claim for federal false imprisonment under Section 1983 based on her Fourteenth Amendment right to due

process, she does not allege sufficient facts. Plaintiff provides no facts regarding the length of her detention (although it appears to have been brief) or the Officers' knowledge during her detention that informed them that she was entitled to release. This Fourteenth Amendment claim is more akin to the Fourth Amendment false arrest claim, making it duplicative. *See Galloway v. City of Abbeville, Ala.*, 871 F. Supp. 2d 1298, 1309 (M.D. Ala. 2012) (dismissing federal false imprisonment claim and stating that "a brief detention is more properly addressed under the Fourth Amendment.").

### b.  Count XI- Section 1983 Claim against the City

To state a claim under Section 1983 against a municipality, a Plaintiff must allege that the constitutional injury is caused by the execution of a government entity's official custom or policy. *Monell,* 436 U.S. at 694. But a municipal employer is not vicariously liable under Section 1983 for injuries caused solely by its employees. *Id.* at 691–94; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

A plaintiff can only impose Section 1983 liability on a municipality if the plaintiff can show (1) that her constitutional rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to that right, and (3) that the policy or custom caused the constitutional violation. *McDowell,* 392 F.3d at 1289.

Plaintiff alleges that the "CITY's policies, customs, procedures, or lack thereof, were the driving force causing Defendants, LAKE, REED, and TSCHEETER [sic] to act as described herein including to use unnecessary force, and to restrain Plaintiff." This allegation is conclusory, and there are no supporting facts in the Amended Complaint to describe this alleged policy.   Therefore, these allegations are insufficient to state a cause

of action under Section 1983 against the City, and the Court dismisses Count XI of the Amended Complaint.

### *Conclusion*

Plaintiff has alleged sufficient facts to state a cause of action for false arrest and excessive force against the Officers under state law and for unreasonable search and seizure against the Officers under Section 1983. The Amended Complaint does not state sufficient facts to support a claim for intentional infliction of emotional distress against the Officers, false imprisonment against the Officers under Section 1983, or unreasonable search and seizure against the City under Section 1983. The issue of qualified immunity is premature given the limited record, therefore the Court will revisit the issue at summary judgment. Given the procedural posture of this case and duration of its pendency, the Court will not grant the Plaintiff leave to amend her complaint absent a showing of good cause.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendants' Motion to Dismiss (Dkt. #4) is GRANTED in part.

2.      The Court dismisses Counts V, VI, VII and XI of Plaintiff's Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-319 mtd 4.docx